**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LEONARD RENAL ROBERTS,

Plaintiff-Appellant,

v.

RON CHAMPION, Warden;
JAMES SAFFLE; RON COLLIVER,
Case Manager Supervisor,

Defendants-Appellees.

No. 03-5062
(D.C. No. 99-CV-842-P)
(N.D. Okla.)

ORDER AND JUDGMENT *

Before **BRISCOE** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Leonard Renal Roberts, a pro se state prisoner incarcerated in Oklahoma, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

We review the dismissal of plaintiff's complaint under Rule 12(b)(6) and § 1915(e)(2)(B)(ii) de novo, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *See Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). We also construe the allegations in a pro se complaint liberally, and "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Id.* Applying these standards, we agree with the district court that plaintiff has failed to state a claim upon which relief can be granted. We also conclude that it would be futile to give plaintiff an opportunity to file an amended complaint.

Plaintiff was formerly incarcerated at the Dick Conner Correctional Center (DCCC), and he is presently incarcerated at the Oklahoma State Penitentiary (OSP). In his complaint, plaintiff asserted a number of claims for relief relating to his confinement at DCCC and OSP. However, plaintiff abandoned the bulk of

his claims when he filed his objections to the magistrate judge's report and recommendation, and he is now appealing only the district court's determination that he failed to state a claim for relief relating to a prison disciplinary proceeding at DCCC. [1]

In January 1999, while incarcerated at DCCC, plaintiff was convicted of the offense of menacing a staff member. As a result of the menacing conviction, plaintiff was placed in disciplinary segregation for thirty days, he lost 365 days of earned credits, he was fined $50.00, and he was transferred to a maximum security facility at OSP. In addition, plaintiff alleges that he has subsequently been denied parole due to the menacing conviction.

Plaintiff claims that the prison officials at DCCC acted with malicious intent and violated his due process rights when they convicted him of the menacing offense because: (1) they failed to conduct a proper investigation regarding the allegations underlying the offense; (2) they prosecuted plaintiff

_____

[1]    In his opening brief, plaintiff also alleges that, following his transfer to OSP, the prison officials at that facility damaged and/or lost certain items of personal property that he owned and denied him access to the prison law library for two years. However, plaintiff waived his property claim by failing to assert it in his objections to the magistrate judge's report and recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Further, because he has not alleged any facts showing that he was unable to pursue a specific legal claim due to his alleged lack of access to the prison law library at OSP, plaintiff has failed to state a claim for denial of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996).

based on false allegations; (3) they concluded that plaintiff was guilty of the menacing offense and that he posed a security risk at DCCC before he received a disciplinary hearing; and (4) they failed to conduct a proper disciplinary hearing, and instead conducted what plaintiff refers to as a "mock" hearing. Plaintiff also claims that the prison officials prosecuted the misconduct charge to retaliate against him for filing grievances regarding alleged religious discrimination at DCCC and certain alleged problems with his prison bank account. As relief for the alleged due process violations and the unlawful retaliation, plaintiff is seeking to recover money damages and to have the menacing conviction expunged from his prison record and his earned credits restored.

The district court concluded that, based on the Supreme Court's decisions in *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997), plaintiff had failed to state a due process claim for the recovery of money damages. R., Doc. 40 at 2. We agree. As the Supreme Court explained in *Edwards*, "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards*, 520 U.S. at 643 (quoting *Heck*, 512 U.S. at 487). Moreover, as the district court recognized, "this rule of law applies not only when the prisoner challenges his

-4-

judgment as a substantive matter but also when he challenges misconducts entered as a result of prison disciplinary infractions." R., Doc. 40 at 2 (citing *Edwards*, 520 U.S. at 648). Having considered the allegations underlying plaintiff's due process claim, we agree with the district court that a judgment in favor of plaintiff would necessarily imply the invalidity of his menacing conviction. Consequently, because plaintiff has not shown that the menacing conviction has previously been invalidated, plaintiff's "request for damages resulting from his prison disciplinary proceedings, must be dismissed based on [ *Heck* and *Edwards* ]." *Id.*

The fact that plaintiff is also asserting a retaliation claim does not change this result. First, like the prisoner in *Edwards*, plaintiff is claiming that the prison officials acted in a deceitful and biased manner when they prosecuted him for the menacing offense. *See Edwards*, 520 U.S. at 647 (noting that prisoner was "asserting that the cause of the exclusion of the exculpatory evidence was the deceit and bias of the hearing officer"). Second, plaintiff's allegations of deceit and bias form the basis of both his due process claim and his retaliation claim, and his ability to recover on either of these claims will depend upon whether he can establish that his menacing conviction was based on false allegations. As a result, in order to prevail on his retaliation claim, plaintiff must necessarily establish that his conviction for the menacing offense was wrongfully obtained, and therefore invalid. Thus, plaintiff's retaliation claim is not cognizable under

§ 1983 unless and until the menacing conviction has been expunged or overturned as a matter of state law.

Finally, because plaintiff is seeking to have his earned credits restored and is claiming that he has been denied parole based on the menacing conviction, we also agree with the district court that the Supreme Court's decision in *Preiser v. Rodriguez*, 411 U.S. 475 (1973) bars plaintiff from proceeding under § 1983. *See* R., Doc. 40 at 2. In accordance with *Preiser*, plaintiff's sole remedy in federal court is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 after exhausting all available remedies under state law. *See Preiser,* 411 U.S. at 500 (holding "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) (holding that a 28 U.S.C. § 2241 habeas petition is the appropriate means by which to seek the restoration of good-time credits).

The judgment of the district court is AFFIRMED.  Because the district court granted plaintiff leave to proceed on appeal in forma pauperis, we remind plaintiff of his continued obligation to make partial payments toward the appellate filing fee until it is paid in full.

Entered for the Court

Wade Brorby
Senior Circuit Judge